UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUTFALLAH T. SAWABINI,

            Plaintiff,

      -v-                5:20-CV-1157

RYAN McCONN, Anesthesiologist/
Employee of New York Spine Wellness
Center, JOSEPH CATANIA, CEO of
New York Spine Wellness CENTER,
and DR. WALTER MARGIE, III,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                    OF COUNSEL:

LUTFALLAH T. SAWABINI
Plaintiff, Pro Se
11 Manatee Avenue
Sidney, NY 13838

SMITH, SOVIK, KENDRICK         ERIC G. JOHNSON, ESQ.
   & SUGNET, P.C.                KAREN G. FELTER, ESQ.
Attorneys for Defendants Ryan
   McConn and Joseph Catania

LEVENE, GOULDIN LAW FIRM     LAUREN A. SALEEBY, ESQ.
Attorneys for Defendant Dr.       JUSTIN L. SALKIN, ESQ.
   Walter Margie, III

DAVID N. HURD
United States District Judge

## **MEMORANDUM-DECISION and ORDER**

## I. **INTRODUCTION**

On September 23, 2020, *pro se* plaintiff Lutfallah Sawabini ("Sawabini" or "plaintiff") filed this civil rights action against defendants Ryan McConn, M.D. ("Dr. McConn"), Joseph Catania, M.D. ("Dr. Catania"), and Walter Margie, III, M.D. ("Dr. Margie"). Broadly construed, plaintiff's complaint asserts disability discrimination claims under the Americans with Disabilities Act ("ADA") arising out of a possible treating relationship with one or more of the named defendants.

On November 11, 2020, Dr. McConn and Dr. Catania moved under Rules 12(b)(2) and 12(b)(6) of the Federal Rule of Civil Procedure to dismiss Sawabini's complaint in its entirety.[1] Dkt. No. 15. On December 15, 2020, Dr. Margie moved under Rule 12(c) for a judgment on the pleadings. Dkt. No. 29. In both motions, the three defendants argue that (1) plaintiff failed to effect proper service of his complaint; and, service issue aside, (2) plaintiff's complaint does not state any plausible claims for relief.

---

[1] Dr. McConn and Dr. Catania's Rule 12(b)(2) motion is based on improper service. However, a challenge to service of process is properly asserted under Rule 12(b)(5). *See, e.g.*, *Rana v. Islam*, 305 F.R.D. 53, 62 (S.D.N.Y. 2015).

Both motions have been fully briefed and will be considered on the basis of the submissions without oral argument.[2]

## II. BACKGROUND

Sawabini's 194-page complaint is incoherent. Dkt. No. 1. Plaintiff alleges he is an 82-year-old Christian Arab from Jerusalem. *Id.* at 7, 11.[3] He characterizes himself as a "pharmacist and law student." *Id.* at 7, 14. Plaintiff claims he is a disabled person with "multiple disabilities," including "asthma," "cardiovascular atrial fib[ulation]," "multiple back surger[ies]," and "active headaches due to subdural blood vessels." *Id.* at 7; *see also id.* at 2.

As best the Court can tell, Sawabini's complaint alleges the named defendants discriminated against him because they incorrectly performed a surgery on plaintiff, discharged plaintiff from their care too early, and/or refused to provide plaintiff with certain requested medications. *See, e.g.*, Compl. at 3 (referring to denials and delays of beneficial medication), 6 (referring to "wrongful epiduo [*sic*]), 7 (claiming "discriminations [*sic*] against plaintiff Sawabini['s] well needed medications for pain"), 10 (suggesting plaintiff suffered disability discrimination by being discharged from care too early), 24 (alleging that Dr. Margie "intentionally avoided and delayed the

---

[2] Sawabini has also filed a number of motions for relief. Plaintiff has (1) cross-moved "to/dismiss quash defendant's attorney and strike their memorandum of law," Dkt. No. 22; (2) moved for an evidentiary hearing "to establish all Defendants Discrimination", Dkt. No. 26; and also (3) cross-moved to "dismiss," Dkt. No. 32.

[3] Pagination corresponds to CM/ECF.

filling /or [*sic*] the refilling if [*sic*] the said substances"). According to plaintiff, the defendants are "crocks" who are "worst [*sic*] than president Nixoin [*sic*]." *Id*. at 17.

### III. LEGAL STANDARDS

#### A. Rule 12(b)(5)

Rule 12(b) authorizes a defendant to move for pre-answer dismissal of a pleading for insufficient service of process Fed. R. Civ. P. 12(b)(5). "[W]hen a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." *Dickerson v. Napolitano*, 604 f.3d 732, 752 (2d Cir. 2010) (quoting *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005)). "In deciding a Rule 12(b)(5) motion, a court looks to materials outside of the pleadings to determine whether service of process has been sufficient." *Jordan v. Asset Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 594 (E.D.N.Y. 2013) (cleaned up). If service is found to be insufficient, the court may grant plaintiff leave to cure the insufficiency or dismiss the action." *See, e.g.*, *DiFillippo v. Special Metals Corp.*, 299 F.R.D. 348, 353 (N.D.N.Y. 2014) (D'Agostino, J.).

#### B. Rule 12(b)(6)

"To survive a Rule 12(b)(6) motion to dismiss, the factual allegations must be enough to raise a right to relief above the speculative level." *Ginsburg v. City of Ithaca*, 839 F. Supp. 2d 537, 540 (N.D.N.Y. 2012) (cleaned up).

- 4 -

"Dismissal is appropriate only where plaintiff has failed to provide some basis for the allegations that support the elements of his claims." *Id.* "When ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor." *United States v. Bedi*, 318 F. Supp. 3d 561, 564–65 (citation omitted). "In making this determination, a court generally confines itself to the 'facts stated on the face of the complaint, . . . documents appended to the complaint or incorporated in the complaint by reference, and . . . matters of which judicial notice may be taken.'" *Id.* (quoting *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016)).

### C. Rule 12(c)

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). The standard for granting a Rule 12(c) motion is identical to that of a 12(b)(6) motion to dismiss. *See, e.g.*, *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).

## IV. DISCUSSION

Because Sawabini is proceeding *pro se*, his complaint, however inartfully pleaded, must be held to less stringent standards than a formal pleading drafted by lawyers." *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012) (cleaned up). As the Second Circuit has repeatedly instructed, a complaint

filed *pro se* "must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). "This is particularly so when the *pro se* plaintiff alleges that h[is] civil rights have been violated." *Ahlers*, 684 F.3d at 60 (quoting *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008)).

As mentioned *supra*, in addition to his 194-page complaint Sawabini has also filed a number of additional submissions that have been construed as motions or cross-motions for relief. Dkt. Nos. 22, 23, 26, 32. Because he is *pro se*, plaintiff's additional submissions will be examined in an effort to determine the nature and sufficiency of his claims for relief. *See, e.g.*, *Boguslavsky v. Kaplan*, 159 F.3d 715, 719 (2d Cir. 1998) ("[C]ourts may look to submissions beyond the complaint to determine what claims are presented by an uncounseled party.").

Notably, however, Sawabini has some prior litigation experience in federal court. Indeed, a quick search for plaintiff's full name in a directory of court decisions turns up several results. *Sawabini v. O'Connor Hosp.*, 2017 WL 4460766 (N.D.N.Y. Oct. 6, 2017) (dismissing on summary judgment plaintiff's complaint against hospital employees); *Sawabini v. McGrath*, 2017 WL 3727370 (N.D.N.Y. Aug. 28, 2017) (granting defendants' motion for judgment on the pleadings against hospital employees); *Sawabini v. O'Connor Hosp.*,

2015 WL 5827656 (N.D.N.Y. Oct. 6, 2015) (dismissing with leave to amend plaintiff's *pro se* complaint alleging discrimination under Title VII and New York law).

In other words, Sawabini is an active *pro se* litigant. Thus, while he is still entitled to a measure of deference and solicitude, he is entitled to somewhat less deference than would be appropriate for a totally unsophisticated newcomer to federal litigation. *Cf. Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010) (suggesting withdrawal of special solicitude as to particular matters with which the *pro se* litigant is familiar might be permissible but rejection notion that total withdrawal of solicitude is appropriate absent extraordinary showing of *pro se* litigant's experience in "all aspects" of a case).

Upon review of these submissions, Sawabini's complaint must be dismissed. Broadly construed, plaintiff has alleged that the named defendants have discriminated against him by denying him equal access to their goods and services; *i.e.*, their medical treatment.[4]

"[A] plaintiff pleads an actionable claim of discrimination in the medical treatment context under the ADA or the Rehabilitation act if she alleges that the defendants made treatment decisions based on factors that are 'unrelated

---

[4] It is unclear whether plaintiff has asserted an ADA claim under Title III, which prohibits discriminatory denial of full and equal enjoyment of goods and services offered in places of public accommodation, or under Title II, which prohibits discriminatory denial of access to services, programs, or activities. The Court has considered whether this "denial of medical treatment" fits under either Title.

to, and thus improper to consideration of' the inquiry in question." *McGugan*, 752 F.3d 224, 234 (2d Cir. 2014).  To hold otherwise would "federalize many (if not most) claims for medical malpractice." *Id*.  As the Second Circuit has explained:

> The term "discrimination" is potentially confusing in the context of medical treatment.  The word has two very different significations—one positive, the other pejorative.  In its positive sense, one discriminates by drawing distinctions that are relevant to the qualities or characteristics of the thing observed.  In its negative or pejorative sense, one discriminates by withholding advantages or inflicting disadvantages on the basis of irrelevant criteria, under the influence of irrational bias.  A doctor who administers a medical treatment to a patient (or withholds it) because the doctor's medical training leads her to conclude that the treatment is medically appropriate (or inappropriate) is practicing the benign form of discrimination.  This is true even if the doctor's medical understanding is flawed and her knowledge is deficient . . . .  Thus, a doctor may refuse to prescribe a particular treatment, which the disabled patient has requested, because of the doctor's assessment (based on an appraisal of the patient's medical condition) that the treatment would be harmful.  The doctor's refusal is not discrimination in violation of the statute, even if the doctor's medical analysis is flawed.  Such a decision may be malpractice, but it is not discrimination.

*McGugan v. Aldana-Bernier*, 752 F.3d 224, 231 (2d Cir. 2014).[5]  Put another way, a plaintiff cannot bring a discrimination claim under the federal disability statutes absent some plausible indication that the doctor has

---

[5] *McGugan* is a case about the Rehabilitation Act.

inflicted or withheld treatment "for reasons having no relevant to medical appropriateness." *Id.*

Sawabini's claims run headlong into this roadblock. Although plaintiff identifies himself as a member of various protected classes (*e.g.*, his age, national origin, and possible disabled status), the complaint does not contain any meaningful indication that the contested medical decisions about which plaintiff complains were made "for reasons having no relevance to medical appropriateness." Accordingly, plaintiff's complaint will be dismissed.

Nor will Sawabini be given leave to amend. "[A]lthough district courts in this Circuit are generally reluctant to dismiss a *pro se* plaintiff's action without permitting leave to replead, the Second Circuit has explained that it is nevertheless appropriate to do so in cases where it appears that granted leave to amend is unlikely to be productive." *Forjone v. Dep't of Motor Vehicles*, 414 F. Supp. 3d 292, 303 (N.D.N.Y. 2019) (cleaned up).

That standard has clearly been met. As an initial matter, it is hard to make heads or tails out of Sawabini's 194-page complaint or his other related submissions. *Ceparano v. Suffolk Cty.*, 2010 WL 5437212, at *3 (E.D.N.Y. Dec. 15, 2010) ("[P]rolix, unintelligible, speculative complaints that are argumentative, disjointed and needlessly ramble have routinely been dismissed in this Circuit.").

The discernible core of Sawabini's complaint is his argument about treatment decisions attributable to the three named defendants. But his allegations sound an awful lot like plaintiff has attempted to assert a medical malpractice claim based on improper medical care. If Sawabini believes one or more of the named defendants are liable for making a treatment decision that fell below the applicable standard of medical care, plaintiff's remedy is a malpractice suit in state court. *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.").

## V. CONCLUSION

Therefore, it is

ORDERED that

1. Dr. McConn's and Dr. Catania's motion to dismiss is GRANTED;

2. Dr. Margie's motion for a judgment on the pleadings is GRANTED;

3. Plaintiff's motions are DENIED; and

4. Plaintiff's complaint is DISMISSED with prejudice.

The Clerk of the Court is directed to terminate the pending motions, enter a judgment accordingly, and close the file.

IT IS SO ORDERED.

Dated: March 9, 2021
       Utica, New York.

David N. Hurd
U.S. District Judge